PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:25-CR-359-2 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| AMONT PHILLIP JOHNSON, | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 44] |

The Court considers Defendant Amont Johnson's Motion for a Bill of Particulars.  *See* ECF No. 44.  Having reviewed the docket, supporting memoranda, and applicable law, the motion is denied for the reasons herein.

## I. BACKGROUND

Defendant was indicted in federal court on July 23, 2025 for conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1349 and 1343.  *See* ECF No. 1.  He moved for a bill of particulars under Fed. R. Crim. P. 7(f) on October 28, 2025.  *See* ECF No. 44.  The Government opposed the motion.  *See* ECF No. 49.  Defendant replied.  *See* ECF No. 51.  Trial commences December 15, 2025.  *See* ECF No. 45.

## II. LAW

A federal criminal indictment must include a "plain, concise, and definite written statement of the essential facts constituting the offense charged" to allow a defendant to meaningfully prepare for trial.  Fed. R. Crim. P. 7(c)(1).  An indictment is sufficiently detailed if it contains the elements of the offense charged, fairly informs the defendant of the same, and

(1:25-CR-359-2)

allows the defendant to plead acquittal or conviction to bar double jeopardy.  *See Hamling v. United States*, 418 U.S. 87, 117 (1974).  When an indictment is deficiently detailed, a district court "may direct the government to file a bill of particulars" to enlighten the accused.  Fed. R. Crim. P. 7(f).  Such a bill is intended to:

> (1) Ensure the defendant understands the nature of the charges against him so that he can adequately prepare for trial.
>
> (2) Avoid or minimize the danger of unfair surprise at trial.
>
> (3) Enable the defendant to plead double jeopardy if later charged with the same defense when the indictment is vague or indefinite.

*See United States v. Martin*, 822 F.2d 1089 (6th Cir. 1987) (citing *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976); *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) ("A bill of particulars is meant to be used as a tool to minimize surprise and assist [the] defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes.").  In line with *Hamling*, the Sixth Circuit test for issuing a bill of particulars is "whether the indictment sets forth the elements of the offense[s] charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial."  *Martin*, 822 F.2d at 1089 (quoting *United States v. Kendall*, 665 F.2d 126, 134 (6th Cir. 1981); *see* 418 U.S. at 117.

### III. DISCUSSION

The Government has provided Defendant with sufficient details to understand the nature of the charge against him, prepare his defenses, and—if necessary—plead double jeopardy.  The criminal indictment is seventeen pages long, outlines the statutory language of 18 U.S.C. §§ 1349 and 1343, details the alleged conspiracy, and provides particularized dates and acts of Defendant's allegedly criminal conduct.  *See* ECF No. 1.  Defendant has also been given

2

(1:25-CR-359-2)

substantial details of the same *via* discovery sufficient for trial preparation.[1] *See, e.g.*, *United States v. Musick*, 291 Fed. App'x at 725 (6th Cir. 2008) (affirming denial when the defendant "received access to all of the pertinent information necessary to prepare his defense and avoid unfair surprise."). Defendant claims that "[t]he discovery which has been provided . . . does not specify the act(s) allegedly committed by Defendant Johnson in furtherance of the alleged conspiracy." ECF No. 51 at PageID ##: 300. The Court disagrees.[2] Both the original indictment and subsequent disclosures obviate this unsupported need for a bill of particulars. *Martin*, 822 F.2d at 1089 (citing *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979)).

## IV. CONCLUSION

Defendant's Motion for a Bill of Particulars (*see* ECF No. 44) is denied.


IT IS SO ORDERED.


| November 17, 2025 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[1] The government has produced over 260,000 documents for Defendant through an accessible electronic portal. ECF No. 49 at PageID ##: 289–90. Defendant relies on this "voluminous" production to seek a continuance of the trial date. *See* ECF No. 52 at PageID #: 303.

[2] Defendant claims his counsel "should not be forced to spend an inordinate amount of time scrutinizing a terabyte of data to learn what acts the government contends support the charges against Defendant" because doing so would "require defense counsel to search for a needle in a haystack." ECF No. 51 at PageID #: 301. The Court requires only that counsel "act with diligence and promptness" in defending his client. *See* ABA Standards for Criminal Justice 4–1.9 (4th ed. 2017).